[Cite as *State v. Santos*, 2016-Ohio-6994.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2016-P-0006 |
| JOSHUA H. SANTOS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas.
Case No. 2014 CR 00386.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Kristina Reilly*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Gregory J. Wysin*, 2037 Brady Lake Road, Kent, OH 44240 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Joshua H. Santos, appeals the judgment of the Portage County Court of Common Pleas, granting the Portage County Adult Probation Department's motion to modify or revoke appellant's probation due to his Cuyahoga County convictions and imposing a prison term consecutive to appellant's sentence from Cuyahoga County. The court sentenced him to a two-year term of imprisonment for robbery, a third-degree felony, and a one-year term of imprisonment for carrying a concealed weapon, a fourth-degree felony, to run concurrent with one another.

However, the trial court ordered that appellant serve his Portage County sentence consecutively to the sentence imposed by the Cuyahoga County Court of Common Pleas in case No. CR-14-590845-A. Based on the following, we affirm.

{¶2} On July 5, 2014, appellant was indicted by the Portage County Grand Jury and charged with one count of robbery under R.C. 2911.02(A)(1), a felony in the second degree, and one count of robbery under R.C. 2911.02(A)(3), a felony in the third degree. Each charge carried a firearm specification under R.C. 2941.145.

{¶3} On August 8, 2014, appellant pled guilty to an amended charge of one count of robbery under R.C. 2911.02(A)(3), a felony in the third degree, and an amended charge of one count of carrying a concealed weapon under R.C. 2923.12(A)(2), a felony in the fourth degree.

{¶4} Appellant was sentenced pursuant to R.C. 2929.19 on September 15, 2014, with counsel present. After considering evidence presented by counsel and the contents of a pre-sentence investigation report by the Portage County Adult Probation Department, the court sentenced appellant to a term of one year of intensive supervision under the control of the Probation Department and two additional years under the control of the Probation Department's general division.

{¶5} On July 30, 2015, appellant was convicted of robbery and felonious assault in Cuyahoga County case No. CR-14-590845-A and was sentenced to two concurrent three-year prison terms for those offenses.

{¶6} Due to his Cuyahoga County convictions, on August 17, 2015, the Portage County Probation Department filed a motion to modify or revoke appellant's probation.

2

**{¶7}** On October 13, 2015, the Portage County Court of Common Pleas held a hearing on the Probation Department's motion. The court modified appellant's Portage County sentence as stated above.

**{¶8}** Appellant was granted leave to file a delayed appeal by this court. Appellant's notice of appeal was accepted for filing on January 21, 2016.

**{¶9}** Appellant asserts one assignment of error on appeal,

> The trial court record does not clearly and convincingly support the findings required under R.C. 2929.14(C)(4) in order to impose consecutive sentences.

**{¶10}** We review this sentence under the standard of review set forth in R.C. 2953.08(G)(2). *See State v. Marcum*, __ Ohio St.3d __, 2016-Ohio-1002, ¶22. Pursuant to R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶1, citing R.C. 2953.08(G)(2).

**{¶11}** Appellant maintains the trial court made findings under R.C.2929.14(C)(4) that were not supported by the record when it ordered the prison term for appellant's Portage County convictions to run consecutive to the term imposed for his Cuyahoga County convictions. Appellant argues that in making the necessary findings under R.C. 2929.14(C)(4), "the trial court engaged in only the most cursory and superficial review of the facts relevant to that determination, such that the record does not support the trial court's findings under R.C. 2929.14 (C)(4)."

**{¶12}** R.C. 2929.41 governs multiple sentences and provides, in pertinent part: "(A) [e]xcept as provided in * * * division (C) of section 2929.14, * * * a prison term, jail

3

term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state[.]"

{¶13} Pursuant to R.C. 2929.14(C)(4), a court may require an offender to serve multiple prison terms consecutively if it finds

> that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶14} A trial court must make the statutory findings to support its decision to impose consecutive sentences, but the trial court is not required to set forth its reasons to support its findings as long as the reasons are discernible from the record. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶28-29. Failure to make the R.C. 2929.14(C)(4) findings at the sentencing hearing and to incorporate them into the judgment entry of the sentence renders the sentence contrary to law. *Id.* at ¶37.

{¶15} The trial court made the findings necessary under R.C. 2929.14(C)(4) and 2929.14(C)(4)(c) at appellant's sentencing hearing and in its judgment entry.

4

{¶16} The record reflects that appellant was sentenced to serve a total of five years imprisonment for two convictions that occurred within one year of each other. The court noted that "local community control is no longer sufficient, therefore a more restrictive sanction is necessary."

{¶17} Additionally, at the hearing on the Probation Department's motion, the state asked the court to consider that appellant committed another robbery while he was on probation for this robbery, so that giving him credit for both would "just be absurd." The state noted that appellant "committed another violent offense in Cleveland and he ought to serve the time consecutively. In the case here, he was actually given a chance." Also, at the hearing, appellant explained that the incident leading to the Cuyahoga County convictions "wasn't intentional" and that in the incident leading to the Portage County convictions, "the girl she never got touched, nothing even ever got took from her."

{¶18} We conclude that the record supports the trial court's findings under R.C. 2929.14(C)(4) and (C)(4)(c). The trial court's imposition of consecutive sentences is not clearly and convincingly contrary to law.

{¶19} We, therefore, do not find merit in appellant's sole assignment of error.

{¶20} The judgment of the Portage County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.

5